IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02677-BNB

LAURA RAINEY ANDERSON,

Plaintiff,

v.

AURORA HOUSING AUTHORITY, Section 8 Program,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF
TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Laura Rainey Anderson, currently resides in Aurora, Colorado. On December 17, 2007, Ms. Anderson filed with the Court a *pro se* Complaint. The Court must construe the Complaint liberally because Ms. Anderson is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Anderson will be ordered to file an Amended Complaint.

Ms. Anderson sets forth three claims. In Claim One, she asserts that in 2001-2002 she left her Section 8 housing because she was without electricity. She further asserts that Defendant Aurora Housing Authority charged her with breaking the lease and held her liable, which has affected her credit. In Claim Two, Plaintiff simply states she applied for widow's benefits from 2000 through 2007, and she was told to seek an attorney, so she filed the instant action. In Claim Three, Ms. Anderson writes, "Food

Stamps/EBT Card Yes I did apply, It just didn't happen." As relief, Plaintiff seeks, VA benefits, widow's benefits, food stamps/EBT card, and housing replacement.

The Court has reviewed the Complaint and has determined that it is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow a court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Anderson fails to set forth a short and plain statement of the grounds on which this Court's jurisdiction depends. In other words, she fails to cite the statutory authority that allows this Court to consider the claims she is asserting in this action.

2

Ms. Anderson also fails to set forth a short and plain statement of her claims showing that she is entitled to relief. It appears that Ms. Anderson may be seeking judicial review of administrative decisions denying her VA and widow's benefits, and food stamps. She also appears to challenge an administrative decision regarding her Section 8 housing. Assuming that Ms. Anderson is seeking judicial review of different administrative decisions she must allege what specific administrative steps she has taken to obtain her benefits, when and why she was denied the benefits, whether she has exhausted administrative remedies, and specifically why she believes the administrative decisions are erroneous.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Ms. Anderson should be given an opportunity to file an Amended Complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Anderson file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Anderson, together with a copy of this Order, two copies of the following form: Complaint. It is

FURTHER ORDERED that if Ms. Anderson fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action

will be dismissed without further notice.

DATED February 11, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02677-BNB

Laura Rainey Anderson
PO Box 440371
Aurora, CO 80044

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** above-named individuals on 2/11/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk